14-554-cv
Yukos Capital S.A.R.L. v. Oao Samaraneftegaz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand fifteen.

Present:        PIERRE N. LEVAL,
                ROSEMARY S. POOLER,
                DENNY CHIN,
                        *Circuit Judges*.

_____

YUKOS CAPITAL S.A.R.L.,

       *Petitioner-Appellee*,

       v.                                                    14-554-cv

OAO SAMARANEFTEGAZ,

       *Respondent-Appellant*.

_____

Appearing for Appellant:        Matthew D. Slater, Cleary Gottlieb Steen & Hamilton LLP, (Kathleen Sullivan, Yelena Konanova, Cleland B. Welton II, Quinn Emmanuel Urquhart & Sullivan LLP, New York, N.Y., *on the brief*), Washington D.C.

Appearing for Appellee:        Robert Weigel, Gibson, Dunn & Crutcher LLP (Anne M. Coyle, *on the brief*), New York, N.Y.


Appeal from the January 22, April 2, April 17 and May 14, 2014 orders of the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 22, April 2, April 17, and May 14, 2014 orders of said District Court are hereby are **VACATED** and **REMANDED** for further proceedings consistent with this opinion.

Oao Samaraneftegaz appeals from the January 22, 2014 order of the United States District Court for the Southern District of New York (Crotty, *J.*) ordering it to turn over assets to satisfy the judgment entered against it, and from the April 2, 2014 denial of its motion to alter or amend that order. Samaraneftegaz also appeals from the district court's orders of April 17, 2014 and May 14, 2014 granting Yukos Capital's motion to compel discovery and to pay Yukos Capital's attorneys' fees relating to the motion to compel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Samaraneftegaz first argues that the district court abused its discretion by not fully analyzing whether a true conflict existed between Russian and U.S. law and by not undertaking a comity analysis. "International comity comes into play only when there is a true conflict between American law and that of a foreign jurisdiction." *In re Maxwell Commc'n Corp. plc by Homan*, 93 F.3d 1036, 1049 (2d Cir. 1996). A district court only reaches the issue of comity if it finds a true conflict exists, that is, when the laws of one country "require conduct that violates [the laws of the other]*." Id.* at 1050.

Plainly, the district court was unpersuaded that a true conflict exists here. However, without any analysis by the district court as to how it reached that result, we are unable to properly review its conclusions. We vacate the January 22 and April 2, 2014 orders so that on remand the district court may, if it so chooses, allow the parties to supplement the record and offer additional argument. In addition, on remand the district court should set forth a thorough explanation of how it reached its conclusions and if necessary, conduct a comity analysis. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 138-39 (2d Cir. 2014)*.*

Samaraneftegaz also challenges whether proper service of the turnover order was made. Yukos Capital argues the district court implicitly granted its motion for alternative service. On remand, the district court should make clear its ruling on the motion for alternative service, along with its analysis of the issue.

Samaraneftegaz next challenges the district court's orders of April 17 and May 14, 2014 on the ground that Yukos Capital's discovery requests fall outside the scope of proper post-judgment discovery under Fed. R. Civ. P. 69. Post-judgment discovery orders are generally not appealable. *See In re Am. Preferred Prescription, Inc.*, 255 F.3d 87, 92–93 (2d Cir. 2001). However, we may exercise pendent jurisdiction over such an order "where an issue is 'inextricably intertwined' with a question that is the proper subject of an immediate appeal." *LaForest v. Former Clean Air Holding Co.*, 376 F.3d 48, 51 (2d Cir. 2004). Here, the post-judgment discovery order is inextricably intertwined with the district court's order of post-judgment sanctions, which is itself immediately appealable*. See Farmer v. Arabian Am. Oil Co.*, 324 F.2d 359, 361-62 (2d Cir. 1963) *rev'd on other grounds*, 379 U.S. 227 (1964). Although the discovery and sanctions orders are properly before us, we believe it is premature to consider these issues before the district court turns to the questions posed to it on remand. We therefore vacate the April 17 and May 14, 2014 orders so that the district court may reconsider them after

2

determining what impact, if any, comity may have on the various orders challenged in this appeal.

We express no opinion as to the merits of the underlying issues  Accordingly, the January 22, April 2, April 17 and May 14, 2014 orders of the district court hereby are VACATED and REMANDED for further proceedings in accordance with this opinion.  Each side to bear its own costs.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk